```
                                    FILED
                          CLERK, U.S. DISTRICT COURT

                            2/21/2024

                          CENTRAL DISTRICT OF CALIFORNIA
                          BY:        CDO        DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>              v.<br><br>GEOVANY DANIEL SIERRA,<br><br>              Defendant. | CR No.  2:24-cr-00113-DMG<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1),<br>(b)(1)(B)(vi): Distribution of<br>Fentanyl; 18 U.S.C.<br>§ 922(a)(1)(A): Engaging in the<br>Business of Dealing in Firearms<br>Without a License; 18 U.S.C.<br>§ 933(a)(1): Trafficking in<br>Firearms; 18 U.S.C. § 922(o)(1):<br>Possession of a Machinegun; 26<br>U.S.C. § 5861(d): Possession of<br>Unregistered Firearms; 26 U.S.C.<br>§ 5861(i): Possession of Firearms<br>Not Identified by a Serial Number;<br>18 U.S.C. § 924, 18 U.S.C. § 934,<br>21 U.S.C. § 853, 26 U.S.C. § 5872,<br>28 U.S.C. § 2461(c): Criminal<br>Forfeiture] |

        The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

        On or about October 5, 2023, in Los Angeles County, within the Central District of California, defendant GEOVANY DANIEL SIERRA knowingly and intentionally distributed at least 40 grams, that is,

1

approximately 105.1 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

On or about October 19, 2023, in Los Angeles County, within the Central District of California, defendant GEOVANY DANIEL SIERRA knowingly and intentionally distributed at least 40 grams, that is, approximately 53.4 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT THREE

[18 U.S.C. § 922(a)(1)(A)]

Beginning on an unknown date, but no later than September 28, 2023, and continuing to at least February 1, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant GEOVANY DANIEL SIERRA, not being a licensed importer, manufacturer, or dealers of firearms, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, on or about the following dates:

| DATE | FIREARM(S) |
|---|---|
| September 28, 2023 | (1) a Taurus, model G2C, 9mm caliber pistol, bearing serial number ADE390310; and |
| | (2) a Smith & Wesson, model M&P 40 shield, .40 caliber pistol bearing serial number JFL0921 |
| November 8, 2023 | (1) a Mavrick Arms, model 88, 12-gauge shotgun, bearing serial number MV51739F; |
| | (2) a Winchester, model 70, .30-06 caliber rifle, bearing serial number G2232694; |
| | (3) a Walther, model PP, 7.65mm caliber pistol, bearing serial number 358038; |
| | (4) a Sig Sauer, model P226, 9mm caliber pistol, bearing serial number U374094; |
| | (5) a Smith & Wesson, model SW40VE, .40 caliber pistol, bearing serial number RBP3237; and |
| | (6) a Smith & Wesson, model 442, .38 caliber revolver, bearing serial number CXB1749 |

| DATE | FIREARM(S) |
|------|-----------|
| December 19, 2023 | (1) a Ruger, model CCI, 9mm caliber pistol, bearing serial number 323-91154 |
| February 1, 2024 | (1)   a Glock, model 17, 9mm caliber pistol, bearing serial number BKHC397;<br><br>(2)   a Glock, model 34, 9mm caliber pistol, bearing serial number BUSZ087;<br><br>(3)   a Taurus, model PT1911, .45 caliber pistol, bearing serial number NAN09148;<br><br>(4)   a Girsan, model MC 28 SA, 9mm caliber pistol, bearing serial number T6368-20AV10243;<br><br>(5)   a Colt, model Trooper Mkv, .357 caliber revolver, bearing serial number 50044L;<br><br>(6)   a privately manufactured rifle, bearing no serial number;<br><br>(7)   a Plumcrazy, model Gen II, rifle, bearing serial number PV03610;<br><br>(8)   a Plumcrazy, model Gen II, rifle, bearing serial number PV03272;<br><br>(9)   a Plumcrazy, model Gen II, rifle, bearing serial number PV03270; and<br><br>(10) a Plumcrazy, model Gen II, rifle, bearing serial number PV03269 |

COUNT FOUR

[18 U.S.C. § 933(a)(1)]

On or about November 8, 2023, in Los Angeles County, within the Central District of California, defendant GEOVANY DANIEL SIERRA transported, transferred, caused to be transported, and otherwise disposed of, firearms, namely, a Smith & Wesson, model SW40VE, .40 caliber pistol, bearing serial number RBP3237, and a Smith & Wesson, model 442, .38 caliber revolver, bearing serial number CXB1749, in and affecting interstate commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of the firearms by the recipient would constitute a felony.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT FIVE

[18 U.S.C. § 922(o)(1)]

   On or about November 8, 2023, in Los Angeles County, within the Central District of California, defendant GEOVANY DANIEL SIERRA knowingly possessed a machinegun, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), which defendant SIERRA knew to be a machinegun, namely, a machinegun conversion device (also known as a "Glock switch," "trigger switch," or "auto switch," or "auto sear") that was designed and intended, solely and exclusively, for use in converting a weapon into a machinegun.

COUNTS SIX THROUGH EIGHT

[26 U.S.C. § 5861(d)]

On or about February 1, 2024, in Los Angeles County, within the Central District of California, defendant GEOVANY DANIEL SIERRA knowingly possessed the following firearms, each of which defendant SIERRA knew to be a firearm and a silencer, as defined in Title 26, United States Code, Sections 5845(a)(7) and Title 18, United States Code, Section 921(a)(25), and each of which had not been registered to defendant SIERRA in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53:

| COUNT | DESCRIPTION |
|-------|-------------|
| SIX | Black silencer, bearing no markings and no serial number |
| SEVEN | Black silencer, bearing no markings and no serial number |
| EIGHT | Black silencer, bearing no markings and no serial number |

COUNTS NINE THROUGH ELEVEN

[26 U.S.C. § 5861(i)]

On or about February 1, 2024, in Los Angeles County, within the Central District of California, defendant GEOVANY DANIEL SIERRA knowingly possessed the following firearms, each of which defendant SIERRA knew to be a firearm and a silencer, as defined in Title 26, United States Code, Sections 5845(a)(7) and Title 18, United States Code, Section 921(a)(25), and each of which was not identified by a serial number, as required by Title 26, United States Code, Chapter 53:

| COUNT | DESCRIPTION |
|---|---|
| NINE | Black silencer, bearing no markings and no serial number |
| TEN | Black silencer, bearing no markings and no serial number |
| ELEVEN | Black silencer, bearing no markings and no serial number |

1                        FORFEITURE ALLEGATION ONE

2            [21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

3        1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 21,

6   United States Code, Section 853, Title 18, United States Code,

7   Section 924, and Title 28, United States Code, Section 2461(c), in

8   the event of the defendant's conviction of the offenses set forth in

9   Counts One and Two of this Indictment.

10       2.   The defendant, if so convicted, shall forfeit to the United

11  States of America the following:

12            (a)  All right, title and interest in any and all property,

13  real or personal, constituting or derived from, any proceeds which

14  the defendant obtained, directly or indirectly, from any such

15  offense;

16            (b)  All right, title and interest in any and all property,

17  real or personal, used, or intended to be used, in any manner or

18  part, to commit, or to facilitate the commission of any such offense;

19            (c)  All right, title, and interest in any firearm or

20  ammunition involved in or used in any such offense; and

21            (d)  To the extent such property is not available for

22  forfeiture, a sum of money equal to the total value of the property

23  described in subparagraphs (a), (b), and (c).

24       3.   Pursuant to Title 21, United States Code, Section 853(p),

25  the defendant, if so convicted, shall forfeit substitute property if,

26  by any act or omission of the defendant, the property described in

27  the preceding paragraph, or any portion thereof: (a) cannot be

28  located upon the exercise of due diligence; (b) has been transferred,

sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in Counts Three and Five of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[18 U.S.C. §§ 934 and 924]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 934(a)(1) and 924(d), in the event of the defendant's conviction of the offenses set forth in Count Four of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation;

(b)   All right, title, and interest in any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation;

(c)   All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been

13

transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION FOUR

[26 U.S.C. § 5872, and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Counts Six through Eleven of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

        (a)   All right, title, and interest in any firearm involved in such offense; and

        (b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has

//

15

1  been placed beyond the jurisdiction of the court; (d) has been

2  substantially diminished in value; or (e) has been commingled with

3  other property that cannot be divided without difficulty.

4

5                                        A TRUE BILL

6

7                                        _____/s/_____

8                                        Foreperson

9  E. MARTIN ESTRADA
   United States Attorney
10
   MACK E. JENKINS
11 Assistant United States Attorney
   Chief, Criminal Division
12

13

14 SCOTT M. GARRINGER
   Assistant United States Attorney
15 Deputy Chief, Criminal Division

16 BENEDETTO L. BALDING
   Assistant United States Attorney
17 Deputy Chief, General Crimes
   Section
18
   K. AFIA BONDERO
19 Assistant United States Attorney
   General Crimes Section
20

21

22

23

24

25

26

27

28

                        16