**FILED**
CLERK, U.S. DISTRICT COURT

7/30/25

CENTRAL DISTRICT OF CALIFORNIA
BY: _____MRV_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:24-cr-113(A)-DMG |
| Plaintiff, | F I R S T |
| | S U P E R S E D I N G |
| v. | I N D I C T M E N T |
| GEOVANY DANIEL SIERRA and GUILLERMO VIRULA GODOY, | [21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi): Distribution of Fentanyl; 18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 933(a)(1): Trafficking in Firearms; 18 U.S.C. § 922(o)(1): Possession of a Machinegun; 26 U.S.C. § 5861(d): Possession of Unregistered Firearms; 26 U.S.C. § 5861(i): Possession of Firearms Not Identified by a Serial Number; 18 U.S.C. § 924, 18 U.S.C. § 934, 21 U.S.C. § 853, 26 U.S.C. § 5872, 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| Defendants. | |

The Grand Jury charges:

//

//

1

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT SIERRA]

On or about October 5, 2023, in Los Angeles County, within the Central District of California, defendant GEOVANY DANIEL SIERRA knowingly and intentionally distributed at least 40 grams, that is, approximately 105.1 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT SIERRA]

On or about October 19, 2023, in Los Angeles County, within the Central District of California, defendant GEOVANY DANIEL SIERRA knowingly and intentionally distributed at least 40 grams, that is, approximately 53.4 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

                          COUNT THREE

                       [18 U.S.C. § 371]

                       [ALL DEFENDANTS]

A.   INTRODUCTORY ALLEGATION

     At times relevant to this Indictment, neither defendants GEOVANY DANIEL SIERRA, GUILLERMO VIRULA GODOY, nor any other co-conspirator, had a federal firearms licenses issued by the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and thus no participant was licensed to import, manufacture, or deal in firearms.

B.   OBJECT OF THE CONSPIRACY

     Beginning on an unknown date, but no later than October 31, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants GEOVANY DANIEL SIERRA and ENRIQUE VIRULA GODOY, conspired with each other and others known and unknown to the Grand Jury to engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

C.   MANNER AND MEANS OF THE CONSPIRACY

     The object of the conspiracy was to be accomplished, in substance, as follows:

     1.   Defendants SIERRA and GODOY would communicate with each other and other co-conspirators about firearms defendant GODOY planned to provide to defendant SIERRA so defendant SIERRA could further distribute those firearms to firearms purchasers in exchange for money.

     2.   When using Signal, defendant GODOY would utilize the name "_trappwjr" and defendant SIERRA would utilize the name "Danny" in an attempt to conceal their true identities.

                               4

3. Defendant GODOY would obtain firearms to sell.

4. Defendants SIERRA and GODOY would meet in person and defendant GODOY would sell firearms to defendant SIERRA that defendant SIERRA would in turn sell to other firearms purchasers.

D. OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, on or about the following dates, defendants SIERRA and GODOY, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On October 31, 2023, defendant GODOY sent defendant SIERRA photos of firearms for sale, including a Sig Sauer, Model P226 and a Bersa Thunder, Model 380.

Overt Act No. 2:   On October 31, 2023, defendant SIERRA forwarded the same photos defendant GODOY sent him to two people who defendant SIERRA e believed were firearms purchasers but who were actually undercover law enforcement agents.

Overt Act No. 3:   On November 1, 2023, defendants GODOY and SIERRA discussed meeting, and did in fact meet, at a Public Storage facility in El Segundo, California (the "El Segundo Public Storage"), where defendant SIERRA leased a storage unit.

Overt Act No. 4:   On November 2, 2023, defendants GODOY and SIERRA exchanged messages via Signal regarding a Smith & Wesson, Model .38 firearm.

Overt Act No. 5:   On November 7, 2023, defendants GODOY and SIERRA exchanged messages via Signal to plan a meeting at the El Segundo Public Storage facility on November 8.

Overt Act No. 6:  On November 8, 2023, while defendant SIERRA was meeting with undercover law enforcement agents at the El Segundo Public Storage facility, defendant GODOY arrived, gave defendant SIERRA a box, and defendant SIERRA then returned to meet with the undercover agents and sold them a Smith & Wesson, model SW40VE, .40 caliber pistol, bearing serial number RBP3237; and a Smith & Wesson, model M&P 40 shield, .40 caliber pistol bearing serial number JFL0921, which were provided by GODOY.

Overt Act No. 7:  On January 16, 2024, defendants SIERRA and GODOY met in person to discuss firearms.

Overt Act No. 8:  On January 23, 2024, defendants SIERRA and GODOY met in person to discuss firearms.

Overt Act No. 9:  On January 31, 2024, defendants SIERRA and GODOY met in person to discuss firearms.

Overt Act No. 10:  On February 1, 2024, defendant SIERRA sold the following to undercover law enforcement agents, all of which were sold to defendant SIERRA by defendant GODOY in January 2024: three black silencers, bearing no markings and no serial number; a Plumcrazy, model Gen II, rifle, bearing serial number PV03610; a Plumcrazy, model Gen II, rifle, bearing serial number PV03272; a Plumcrazy, model Gen II, rifle, bearing serial number PV03270; a Plumcrazy, model Gen II, rifle, bearing serial number PV03269; and four AR upper receivers.

COUNT FOUR

[18 U.S.C. §§ 922(a)(1)(A), 2(a)]

[ALL DEFENDANTS]

Beginning on an unknown date, but no later than November 8, 2023, and continuing to at least February 1, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendants GEOVANY DANIEL SIERRA and GUILLERMO VIRULA GODOY, each aiding and abetting the other, not being a licensed importer, manufacturer, or dealers of firearms, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, on or about the following dates:

| DATE | FIREARM(S) |
| --- | --- |
| November 8, 2023 | (1) a Smith & Wesson, model SW40VE, .40 caliber pistol, bearing serial number RBP3237; and<br><br>(2) a Smith & Wesson, model 442, .38 caliber revolver, bearing serial number CXB1749 |
| February 1, 2024 | (1)  a Plumcrazy, model Gen II, rifle, bearing serial number PV03610;<br><br>(2)  a Plumcrazy, model Gen II, rifle, bearing serial number PV03272;<br><br>(3)  a Plumcrazy, model Gen II, rifle, bearing serial number PV03270; and<br><br>(4)  a Plumcrazy, model Gen II, rifle, bearing serial number PV03269 |

COUNT FIVE

[18 U.S.C. § 922(a)(1)(A)]

[DEFENDANT SIERRA]

Beginning on an unknown date, but no later than September 28, 2023, and continuing to at least February 1, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant GEOVANY DANIEL SIERRA, not being a licensed importer, manufacturer, or dealers of firearms, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, on or about the following dates:

| DATE | FIREARM(S) |
|---|---|
| September 28, 2023 | (1) a Taurus, model G2C, 9mm caliber pistol, bearing serial number ADE390310; and<br><br>(2) a Smith & Wesson, model M&P 40 shield, .40 caliber pistol bearing serial number JFL0921 |
| November 8, 2023 | (1) a Mavrick Arms, model 88, 12-gauge shotgun, bearing serial number MV51739F;<br><br>(2) a Winchester, model 70, .30-06 caliber rifle, bearing serial number G2232694;<br><br>(3) a Walther, model PP, 7.65mm caliber pistol, bearing serial number 358038;<br><br>(4) a Sig Sauer, model P226, 9mm caliber pistol, bearing serial number U374094; |
| December 19, 2023 | (1) a Ruger, model CCI, 9mm caliber pistol, bearing serial number 323-91154 |

8

| DATE | FIREARM(S) |
|---|---|
| February 1, 2024 | (1)  a Glock, model 17, 9mm caliber pistol, bearing serial number BKHC397;<br><br>(2)  a Glock, model 34, 9mm caliber pistol, bearing serial number BUSZ087;<br><br>(3)  a Taurus, model PT1911, .45 caliber pistol, bearing serial number NAN09148;<br><br>(4)  a Girsan, model MC 28 SA, 9mm caliber pistol, bearing serial number T6368-20AV10243;<br><br>(5)  a Colt, model Trooper Mkv, .357 caliber revolver, bearing serial number 50044L; and<br><br>(6)  a privately manufactured rifle, bearing no serial number. |

9

COUNT SIX

[18 U.S.C. § 933(a)(1)]

[DEFENDANT SIERRA]

On or about November 8, 2023, in Los Angeles County, within the Central District of California, defendant GEOVANY DANIEL SIERRA transported, transferred, caused to be transported, and otherwise disposed of, firearms, namely, a Smith & Wesson, model SW40VE, .40 caliber pistol, bearing serial number RBP3237, and a Smith & Wesson, model 442, .38 caliber revolver, bearing serial number CXB1749, in and affecting interstate commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of the firearms by the recipient would constitute a felony.

COUNT SEVEN

[18 U.S.C. § 922(o)(1)]

[DEFENDANT SIERRA]

On or about November 8, 2023, in Los Angeles County, within the Central District of California, defendant GEOVANY DANIEL SIERRA knowingly possessed a machinegun, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), which defendant SIERRA knew to be a machinegun, namely, a machinegun conversion device (also known as a "Glock switch," "trigger switch," or "auto switch," or "auto sear") that was designed and intended, solely and exclusively, for use in converting a weapon into a machinegun.

11

COUNTS EIGHT THROUGH TEN

[26 U.S.C. § 5861(d); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about February 1, 2024, in Los Angeles County, within the Central District of California, defendants GEOVANY DANIEL SIERRA and GUILLERMO VIRULA GODOY, each aiding and abetting the other, knowingly possessed the following firearms, each of which defendant SIERRA knew to be a firearm and a silencer, as defined in Title 26, United States Code, Sections 5845(a)(7) and Title 18, United States Code, Section 921(a)(25), and each of which had not been registered to defendant SIERRA in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53:

| COUNT | DESCRIPTION |
|-------|-------------|
| EIGHT | Black silencer, bearing no markings and no serial number |
| NINE | Black silencer, bearing no markings and no serial number |
| TEN | Black silencer, bearing no markings and no serial number |

12

COUNTS ELEVEN THROUGH THIRTEEN

[26 U.S.C. § 5861(i); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about February 1, 2024, in Los Angeles County, within the Central District of California, defendants GEOVANY DANIEL SIERRA and GUILLERMO VIRULA GODOY, each aiding and abetting the other, knowingly possessed the following firearms, each of which defendant SIERRA knew to be a firearm and a silencer, as defined in Title 26, United States Code, Sections 5845(a)(7) and Title 18, United States Code, Section 921(a)(25), and each of which was not identified by a serial number, as required by Title 26, United States Code, Chapter 53:

| COUNT | DESCRIPTION |
|---|---|
| ELEVEN | Black silencer, bearing no markings and no serial number |
| TWELVE | Black silencer, bearing no markings and no serial number |
| THIRTEEN | Black silencer, bearing no markings and no serial number |

13

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in Counts One and Two of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred,

14

sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

5.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in Counts Three and Five of this Indictment.

6.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[18 U.S.C. §§ 934 and 924]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 934(a)(1) and 924(d), in the event of the defendant's conviction of the offenses set forth in Count Four of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation;

(b)  All right, title, and interest in any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been

17

transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION FOUR

[26 U.S.C. § 5872, and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Counts Six through Eleven of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm involved in such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has

//

19

been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Deputy Chief, Criminal Division

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes
Section

MATTHEW J. TAKO
Assistant United States Attorney
General Crimes Section

20